# United States District Court
## For the Western District of Virginia
## Harrisonburg Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:14cr00011-2 <br><br> *CORRECTED* <br> REPORT AND RECOMMENDATION <br><br> By: James G. Welsh <br> U. S. Magistrate Judge |
| v. | | |
| IVAN TREVINO, | | |
| *Defendant* | | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

As set forth in more detail in the Third Superseding Indictment (docket #161), the Grand Jury previously returned a multiple count Third Superseding Indictment charging the above-named defendant in **Count One** that beginning on a date unknown to the Grand Jury, but no later than Spring of 2008 and continuing to on or about March 1, 2011, in the Western Judicial District of Virginia and elsewhere, he and others known and unknown to the grand jury, combined, conspired, and agreed with other persons to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and as to this defendant one of the objects of the conspiracy was to distribute and possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled

substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). All in violation of 21 U.S.C. § 846; charging in **Count Two** that beginning on a date unknown to the Grand Jury, but no later than Spring of 2008 and continuing to on or about March 1, 2011, in the Western Judicial District of Virginia and elsewhere, he and others known and unknown to the grand jury, combined, conspired, and agreed to commit offenses against the United States in violation of the 18 U.S.C. § 1956, to wit:

> a. To knowingly conduct and attempt to conduct financial transactions affecting Interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the distribution of marijuana, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of marijuana, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and
>
> b. To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the distribution of marijuana, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

All in violation of 18 U.S.C. § 1956(h); and charging in **Count Four, Counts Six and Seven, Counts Ten and Eleven, Counts Thirteen through Twenty, Counts Twenty-Two and Twenty-Three, and Counts Twenty Four through Fifty-Two** that on or about the dates specified in each count, in the Western Judicial District of Virginia and elsewhere, he did knowingly conduct and attempt to conduct financial transactions, namely, Western Union wire transfers, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is the distribution of marijuana, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of marijuana , and that while conducting and attempting to conduct such financial transactions knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity. All in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2; as well as *Pinkerton v. United States*, 328 U.S. 640 (19460. In addition, the Third Superseding Indictment contains a **Notice of Forfeiture** apprising the above-named defendant that certain of his property is subject to forfeiture upon conviction of any one or more of the offenses alleged against him.

In accordance with the provisions of Title 28 U.S.C. § 636(b) a plea hearing was conducted before the undersigned on August 18, 2014. The proceeding was recorded by a court reporter. *See* Rule 11(g). The United States was represented by Drew Smith, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, W. Andrew Harding.

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). The defendant then testified that his name is IVAN TREVINO; he is thirty-two (32) years of age, and he has a tenth grade education. He

3

represented that he can read, write and understand the English language without difficulty, that he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceeding, that he is using no medication or drugs which might impair his ability to understand and participate in the proceeding, and that his mind is clear. The defendant's attorney then stated that he had no reservations about his client's competency to plead guilty to certain of the charges contained in the multi-count Third Superseding Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The defendant acknowledged that he had received a copy of the Third Superseding Indictment and fully understood the charges against him. He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated that he understood the nature of the various charges against him in the Third Superseding Indictment, and he specifically understood each count charged a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed with his attorney the various offense elements which must be proven by the government beyond a reasonable doubt and any possible defenses he might have. He stated that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter pleas of guilty to a **lesser included offense of Count One** and to **Count Two** of the Third Superseding Indictment had been made after consulting with his attorney and that he was fully satisfied with the services of his attorney.

He next stated that he understood he was in court for the purpose of entering pleas of guilty to two felony offenses pursuant to the express terms of the plea agreement. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter pleas of guilty to the two felony offenses in accordance with the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for both parties having previously informed the court that the defendant's proposed pleas were to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government then set forth the government's understanding of the plea agreement in some detail: including the agreement of the defendant to plead guilty to two of the charges alleged against him in the Third Superseding Indictment [¶A.1.]; the defendant's express acknowledgment that the maximum statutory penalty for the lesser offense charged in Count One (possession with intent to distribute 100 kilograms or more of a substance containing a detectable amount of marijuana) is a fine of $5,000,000.00, a forty (40) year term of imprisonment, and a five year term of supervised release [*Id*.]; his express acknowledgment that the and mandatory minimum statutory penalty for said lesser offense charged in Count One is a term of imprisonment for five (5) years [*Id*.]; his express acknowledgment that the maximum statutory penalty for the offense charged in Count Two is a fine of $500,000.00, a twenty (20) year term of imprisonment, and a maximum five-year term of supervised release [*Id*.]; his acknowledgment that he may be required to pay restitution and that hid assets may be subject to forfeiture [¶¶A.1. and B.2.a.]; his express admission of his factual guilt to the lesser offense charged in Count One and the offense charged in Count Two [¶A.1.]; the defendant's obligation to pay a $200.00 special assessment and the related restitution and assessment provision [¶¶A.1. and B.2.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's sentencing provision setting forth the parties' agreement to a ninety-six (96) month period of incarceration for Counts One and Two [¶B.1.]; the express understanding

that the plea agreement may be either accepted or rejected in its entirety pursuant to Rule 11(c)(1)(C) and if rejected the defendant will be allowed to withdraw his pleas of guilty [B.1.]; the defendant's express acknowledgment that he would not be eligible for parole during any term of incarceration [¶ B.1.]; the terms of the government's obligation to dismiss as to this defendant all remaining counts of the Indictment at the time of sentencing [¶A.3.]; the defendant's monetary and related obligations, including the terms of his obligation to pay a mandatory assessment of $200.00 and to pay restitution of the entire scope of his criminal conduct [¶B.2.a.]; the terms of the defendant's financial disclosure obligations [¶B.2.b.]; the defendant's understanding of collection-related matters [B.2.c]; the scope of the defendant's express waiver of his right of direct appeal [¶D.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶D.2.]; the defendant's waiver without limitation of any right to access any records pertaining to the investigation or prosecution of this case [¶D.3.]; the defendant's abandonment of any seized property [¶D.5.]; the defendant's stipulation of the admissibility and waiver of any constitutional or other legal protections related to any statements previously made by him in any setting in the event he withdraws his pleas of guilty [¶D.7.]; the defendant's various additional obligations [¶D.8.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶E.]; the defendant's acknowledgment that he had been effectively represented in this case [¶F.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶F.2.]; the agreement's provision pertaining to the defendant's waiver of any misconduct claims [¶F.4.]; the defendant's stipulation that there is a sufficient factual basis to support the elements of the offenses to which he is pleading guilty [¶F.5.]; and

6

Case 5:14-cr-00011-MFU-RSB   Document 241   Filed 09/12/14   Page 6 of 13   Pageid#: 1291

the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked whether his understanding of the terms of the agreement was different in any way from that outlined by the attorney for the government, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the lesser offense charged in Count One and for the offense charged in Count Two of the Third Superseding Indictment had been outlined to the defendant, he acknowledged that he understood the maximum statutory penalty proved by law for conviction of the lesser included offense alleged in Count One is a fine of $5,000,000.00, a forty (40) year term of imprisonment, and a five year term of supervised release, his express acknowledgment that the and mandatory minimum statutory penalty for said lesser offense charged in Count One is a term of imprisonment for five (5) years, his express acknowledgment that the maximum statutory penalty for the offense charged in Count Two is a fine of $500,000.00, a twenty (20) year term of imprisonment, and a maximum five-year term of supervised release. *See* Rule 11(b)(H)-(I). In addition, the defendant re-acknowledged that he

7

understood that he would be required to pay a mandatory $200.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of two felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination whether to accept or reject the plea agreement would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and would require him to forfeit certain property to the government pursuant to the terms of the plea agreement. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for

8

his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and that he knew to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a mandatory period of "supervised release" or his deportation and exclusion from the United States, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶D.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶D.2.], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against his; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the

9

issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous jury verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the aforesaid lesser included offense charged in Count One and the offense charged in Count Two of the Third Superseding Indictment because he in fact participated in the criminal activities outlined against her in those two felony counts of the Third Superseding Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's guilty pleas, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the essential facts that the government was prepared to prove at trial to establish the lesser included offense charged against this defendant in Count One and to establish the offense charged in Count Two of the Third Superseding Indictment. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, had signed it, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that the written Statement of Facts fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding, had no questions and did not need to consult further with his counsel, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. On motion of counsel for the government, Count One of the Third Superseding Indictment was then amended as to this defendant to charge the lesser included offense of conspiring to distribute and to possessing with the intent to distribute, 100 kilograms of a quantity of a mixture and substance

10

containing a detectable amount of marijuana. By counsel, the defendant waived his right to a reading of the Third Superseding Indictment (as amended). Upon then being then called-upon for his pleas, the defendant entered a plea of GUILTY to the lesser offense charged in Count One alleging him with violation of Title 21 United States Code, Sections 841(b)(1)(A) and 846, and a plea of GUILTY to the offense charged in Count Two alleging his violation of Title 18 United States Code, Section 1946(h). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his pleas of guilty and after an independent basis for each plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty pleas would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal pending preparation of a pre-sentence report and acceptance of his guilty pleas.

**GOVERNMENT'S EVIDENCE**

The written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The parties have entered in to a plea agreement pursuant to **Rule 11(c)(1)(C),** and it is recommended that this plea agreement be accepted in its entirety;

2. The defendant is fully competent and capable of entering an informed plea to the lesser included charge set forth in Count One of the Third Superseding Indictment;

3. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count Two of the Superseding Indictment;

4. The defendant is fully aware of the nature of the lesser included charge set forth in Count One, and he is also fully aware of the consequences of his guilty plea to said offense;

5. The defendant is fully aware of the nature of the charge set forth in Count Two, and he is also fully aware of the consequences of his guilty plea to said offense;

6. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

7. The defendant's pleas of guilty were made pursuant to a fully voluntary written plea agreement, in which the parties mutually agree that a 96-month sentence of imprisonment is a reasonable sentence for the lesser included offense of Count One and the offense charged in Count Two;

8. The defendant's entry into the plea agreement and his tender of two pleas of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

9. The defendant knowingly and voluntarily entered his said pleas of guilty;

10. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement;

11. The plea agreement complies with the requirements of Rule 11(c)(1); and

12. The evidence presents an independent basis in fact containing each essential element of the two felony offenses to which the defendant has entered pleas of guilty. **[CORRECTED]**

12

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court **ACCEPT** the defendant's pleas of guilty to the lesser included charge in Count One and guilty to Count Two of the Third Superseding Indictment, that he be **ADJUDGED GUILTY** of each these two felony offenses, that the government's motion to dismiss as to this defendant the remaining charges in the Superseding Indictment be **GRANTED**, and that a sentencing hearing be held on November 12, 2014 beginning at 2:00 p.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 12th day of September 2014.

*s/James G. Welsh*
United States Magistrate Judge